Leroy LEMONS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18219.

United States Court of Appeals Ninth Circuit.

Dec. 22, 1964.

Certiorari Denied March 15, 1965. See 85 S.Ct. 1030.

762

William Richert, Fresno, Cal., for appellant.

William N. Goodwin, U. S. Atty., Michael Hoff, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BASTIAN [D. C. Circuit Judge sitting by designation], JERTBERG and MERRILL, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant, Leroy Lemons, appeals from a judgment of conviction entered on July 9, 1962, for conspiring to violate 21 U.S.C. § 174.

Trial was to a jury. Other codefendants charged in the same indictment were likewise convicted, including one Ernest "Duke" Arnold, whose conviction was affirmed by this court by decision reported in Arnold v. United States, 9 Cir., 336 F. 2d 347 (1964). The facts of the case are set forth in that opinion and will not be restated here.

This appeal comes to us from the United States District Court for the Western District of Washington, Northern Division.

Appellant and others, including Arnold, were tried in the United States District Court for the Northern District of California, Southern Division, charging conspiracy to violate the same section. Appellant and Arnold were acquitted of that charge in May, 1959.

Appellant specifies as errors:

"(1) Appellant's conviction is invalid because his trial violated the double jeopardy clause of the Fifth Amendment to the national Constitution.

"(2) The District Court erroneously denied appellant's motion to strike testimony of Caesar Watson, who was a biased witness.

"(3) The District Court erroneously admitted evidence of a separate conspiracy that was unrelated to the conspiracy that was laid in the indictment.

"(4) The District Court erred in refusing to direct a verdict of acquittal because of prejudicial variation between indictment and proof."

Appellant states in his brief "Although four errors are specified on this appeal, only two are briefed here". The errors briefed are the ones numbered (1) and (2) above.

In respect to errors (3) and (4) above, the appellant states in his brief:

"The third and fourth errors are specified here by appellant, but they are not argued by him in this brief, as he chooses to rely on this court's determination of the questions so raised in its consideration of the appeal of Ernest Arnold to this court from Arnold's conviction after trial as a codefendant with appellant in this case."

Appellant's brief was filed on August 10, 1964. On September 4, 1964, this court filed its decision affirming the conviction of co-defendant Arnold. See Arnold v. United States, supra. In that decision this court held adversely to appellant's specifications of error numbered (1), (3) and (4) above.

Oral argument on appellant's appeal was held on October 12, 1964. No argument was presented by appellant's counsel at that time relating to said specifications of error numbered (3) and (4). We have reviewed our decision in Arnold and in respect to said specifications of error, we adhere to the views expressed in that decision.

In respect to specification of error numbered (1), that appellant's conviction is in violation of the Constitutional provisions against double jeopardy, we likewise adhere to the views expressed on that specification of error as set forth in Arnold v. United States, supra.

For the foregoing reasons we will review in this decision only appellant's specification of error numbered (2), that the District Court "erroneously denied appellant's motion to strike testimony of Caesar Watson, who was a biased witness." As above stated, Caesar Watson was named in the indictment charging the offense with which appellant was convicted as a co-conspirator, but was not named as a co-defendant. Watson testified as a witness for the government. His testimony, in substance, was that he had a conversation with appellant about narcotics in April, 1961; that later appellant gave him a package of narcotics which he transported from Portland to Seattle and hid it in his home; that Watson sold some, and from the proceeds of the sales turned over $500.00 to appellant; that when all of the narcotics were sold, appellant and Watson drove to Los Angeles, California, where Watson took delivery of narcotics which he transported to Seattle, Washington, and delivered the same to appellant. On cross-examination by appellant's counsel it was developed that some time before testifying at appellant's trial, Watson had pleaded guilty to a Federal narcotics charge before the Honorable George H. Boldt, United States District Judge for the Western District of Washington, and had not been sentenced for such offense. On further questioning, Watson testified that Judge Boldt told him that "if I was to cooperate with the prosecuting attorney or something like that, tell them what I know about it, that it would help my case. That was Judge Boldt." Later Watson stated: "All he [Judge Boldt] told me was to cooperate with them for the government and for the people. That's all I know, what he told me." Watson further stated that he did not know whether Judge Boldt had any conversation with the government officials, the narcotic agents, or the United States attorney in reference to the matter.

At the conclusion of Watson's testimony, the District Court denied the motion of appellant's counsel to strike the same. Appellant urges that we invoke our power of "judicial supervision of the administration of criminal justice" by adopting the rule that no person "subject to immediate sentencing can give evidence in a criminal case." Appellant concedes that there is no proof in the record that Watson perjured himself, but contends there is "the obvious possibility that he did so." From our examination of the record it is far more obvious that Watson told the truth than it is that he perjured himself. Appellant does not claim that the testimony of Watson was inadmissible, absent the rule which he urges us to adopt.

It is to be noted that the District Court instructed the jury on the credibility of witnesses and as to the several factors which might be considered in determining whether or not a witness testified truthfully. Excerpts from such instructions are:

"Consider each witness' intelligence, employment, motive and state of mind, and demeanor and manner while on the stand. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict, and consider any motive, interest financial or otherwise, that may exist as to each witness, and the extent to which, if at all, each witness is either supported or contradicted by other evidence. All evidence of a witness whose self-interest or attitude is shown to be such as might tend to prompt testimony unfavorable to the accused should be considered with caution and weighed with great care."

"As to any evidence admitted showing a prior conviction of any witness who had testified in this case, you will consider such evidence only insofar as it affects the credibility of such witness and for no other purpose. It is for you to determine in the light of such conviction what weight and credibility should be given the testimony of any such convicted witness."

"However, the jury should keep in mind that such testimony [of an accomplice] is to be received with caution and weighed with great care. You should not convict a defendant upon the unsupported testimony of an accomplice, unless you believe the unsupported testimony beyond all reasonable doubt."

While we do not commend the use by the government of a narcotic offender, who has not been sentenced, as a witness against others, we are unable to hold that the District Court abused its discretion in denying appellant's motion to strike Watson's testimony.

The judgment of conviction is affirmed.